IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**MASON BISHOP,**

       **Petitioner,**

v.                                              Case No.: 1:23-cv-00222

**SHELBY SEARLS,**

       **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Petitioner, Mason Bishop, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 2). Pending before the Court are Respondent's motion to dismiss, (ECF No. 10), and Bishop's motion to voluntarily withdraw his petition. (ECF No. 17). This case is assigned to the Honorable David A. Faber, United States District Judge, and by standing order was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned respectfully **RECOMMENDS** that Respondent's motion to dismiss, (ECF No. 10), be **GRANTED**; Bishop's motion to voluntarily withdraw his petition, (ECF No. 17), be **DENIED**; and this matter be **DISMISSED**, with prejudice, and removed from the docket of the court.

**I.**    **Relevant History**

Bishop is a West Virginia prisoner currently housed at Huttonsville Correctional Center. *See* WVDCR Offender Search, https://apps.wv.gov/ois/offendersearch/doc.

1

Pursuant to a plea agreement, Bishop pled guilty to third-degree sexual assault and sexual abuse by a parent, guardian, or custodian on October 2, 2018 in the Circuit Court of Mercer County ("Circuit Court"). (ECF Nos. 2 at 1, 2-1 at 5–9). By order entered December 4, 2018, Bishop was sentenced to an indeterminate term of imprisonment of between 10 and 20 years.[1] (ECF No. 2-1 at 10–11). Bishop did not appeal his conviction or sentence. (ECF Nos. 10-1 at 4, 11 at 7). Instead, he filed a motion for reconsideration on February 7, 2019, which was denied the same day. (ECF Nos. 10-1 at 4, 11 at 2). Bishop then filed a motion to reduce sentence on March 22, 2019 which was denied by order entered March 25, 2019. (ECF No. 10-1 at 4, 11 at 2–3). Bishop filed a state habeas petition on March 2, 2020. (ECF No. 10-9).

In his state habeas petition, Bishop argued (1) that his trial counsel was ineffective for failing to retain an expert witness and failing to adequately prepare for trial, and (2) that his sentences violated the Eighth Amendment of the U.S. Constitution and Article III, Section 5 of the West Virginia Constitution. (ECF No. 10-9). The Circuit Court entered an order denying his petition on October 5, 2020. (ECF No. 11 at 3). Bishop appealed the denial of the petition, and the Supreme Court of Appeals of West Virginia ("WVSC") issued a memorandum decision affirming the Circuit Court's denial on September 27, 2021. (*Id.* at 4). The WVSC issued its mandate finalizing the memorandum decision on October 28, 2021. (ECF Nos. 10-12, 11 at 4).

Bishop submitted the instant § 2254 petition on March 16, 2023, the date on which he placed the petition in the inmate mail. (ECF No. 2 at 15). His petition raises four grounds challenging his conviction and sentence. First, Bishop claims that the state courts

---

[1] The sentencing court sentenced Bishop to 1–5 years on count 1 (third degree sexual assault) and 10–20 years on count 2 (sexual abuse by a parent, guardian, or person of trust), with the sentences set to run concurrently. (ECF No. 2-1 at 11).

denied him access to the transcripts of his proceedings, and he argues that this is a violation of his Fourteenth Amendment right to due process. (ECF No. 2 at 2, 5). The other three grounds implicate Bishop's sentence. Bishop states that the Circuit Court used his guilty plea "towards the counts [he] was indicted [on]," (*Id.* at 7), used the guilty plea "against [him] on other charges that [were] not part of the plea," (*Id.* at 8), and "tossed out" the plea agreement and "made it out that [Bishop] was guilty [of] all charges." (*Id.* at 10). Bishop claims these actions violated his Fifth Amendment right against self-incrimination and his Eighth Amendment right against cruel and unusual punishment. He further alleges that his trial counsel's failure to warn him of this possibility constituted a violation of his Sixth Amendment right to effective counsel. (ECF No. 2 at 7–10). Bishop attached to his petition: a Bluefield Police Department report, detailing the sexual assault and sexual abuse allegations against him, (ECF No. 2-1 at 1–2); the indictment, (*Id.* at 3–4); the plea agreement, (*Id.* at 5–6); the order entering his guilty plea, (*Id.* at 7–9); the sentencing order, (*Id.* at 10–12); letters between Bishop and the West Virginia Attorney General's office, (*Id.* at 13–14); the Circuit Court's order denying Bishop's state habeas petition, entered October 5, 2020, (*Id.* at 16–26); the WVSC's order denying his appeal from the Circuit Court's denial of his petition, entered September 27, 2021, (*Id.* at 27–31); and a scheduling order related to that appeal, (*Id.* at 32–33).

Respondent filed a motion to dismiss and accompanying memorandum of law on May 25, 2023. (ECF Nos. 10, 11). Respondent argues that Bishop's petition is untimely and not subject to equitable tolling. (ECF No. 10 at 1). Additionally, Respondent asserts that three of the four grounds raised in the petition are unexhausted, rendering Bishop's petition a "mixed petition" subject to dismissal. (*Id.*). Respondent attached to his motion to dismiss: the docket sheet in Bishop's criminal case, Case No. 18-F-12, (ECF No. 10-1);

3

Bishop's guilty plea, (ECF No. 10-2); Bishop's petition for reconsideration, (ECF No. 10-3); the Circuit Court's order, dated February 7, 2019, denying the petition for reconsideration, (ECF No. 10-4); Bishop's motion to reduce sentence and his revised motion to reduced sentence, (ECF Nos. 10-5, 10-6); the Circuit Court's order, dated March 25, 2019, denying Bishop's motion for reconsideration, (ECF No. 10-7); the docket sheet in Bishop's state habeas case, Case No. 20-C-59, (ECF No. 10-8); Bishop's state habeas petition, (ECF No. 10-9); Bishop's state habeas appeal brief, (ECF No. 10-10); Respondent's summary response to the appeal, (ECF No. 10-11); and the WVSC's mandate, dated October 29, 2021, affirming the Circuit Court's denial of Bishop's state habeas petition, (ECF No. 10-12). Although advised of his right to do so, (ECF No. 12), and after receiving two extensions of time, (ECF Nos. 13, 16), Bishop failed to submit a reply to Respondent's motion to dismiss.

On September 27, 2023, Bishop filed a motion to voluntarily withdraw his petition, asking for a dismissal without prejudice under Rule 41(a)(2) of the Federal Rules of Civil Procedure, so that he could exhaust his unexhausted claims. (ECF No. 17). Respondent submitted a response in opposition on October 6, 2023. (ECF No. 20). Respondent argues that Bishop should not be permitted to voluntarily withdraw his petition, because (1) Respondent has already expended considerable resources compiling and reviewing Bishop's state court records to determine his instant petition is untimely; (2) Respondent has already filed a motion to dismiss, which should be granted; and (3) Bishop waited four months after Respondent's motion to dismiss to file his motion to voluntarily withdraw. (ECF No. 20 at 2). Because Bishop's petition is untimely, Respondent argues, it is in the interest of judicial economy to dismiss it now, with prejudice, rather than dismiss without prejudice and allow Bishop to file another untimely petition after he has

4

exhausted his state court remedies. (*Id.* at 3). Respondent requests in the alternative, should the Court grant Bishop's motion to withdraw, that the dismissal be with prejudice. (*Id.*). Bishop was given an opportunity to submit a reply memorandum, but did not file one. (ECF No. 18).

## II.   Applicable Law

### A. Motion to Dismiss

Respondent moves to dismiss Bishop's petition under Rule 12(b)(6) of the Federal Rules of Civil Procedure. When deciding a motion under Rule 12(b)(6), the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. See *Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nevertheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a Rule 12(b)(6) motion to dismiss in a section 2254 case must consider "the face of the petition and any attached exhibits." *Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009) (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). The court may also consider "matters of public record," including documents from prior or pending court proceedings, without converting the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *Id.*

### B. Motion to Voluntarily Withdraw Petition

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The Court is to freely allow

5

"voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). A Rule 41(a)(2) motion should not be denied unless there is "substantial prejudice" to the defendant, *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986), which requires a showing of actual legal prejudice, and not just the mere possibility that a second lawsuit may be filed. *Vosburgh v. Indem. Ins. Co. of N. Am.*, 217 F.R.D. 384, 386 (S.D.W. Va. 2003). A court should consider: (1) the opposing party's efforts in preparing for trial; (2) any excessive delay or lack of diligence by the movant; (3) the explanation for the need for dismissal; and (4) the present stage of litigation, i.e., whether a motion for summary judgment is pending. *Id.* The factors are not exhaustive, and the ultimate question is whether the defendant will suffer actual legal prejudice from the dismissal. *Id.*

### III. Discussion

#### A. Timeliness of Petition

Respondent argues that Bishop's petition is untimely. (ECF No. 10 at 1). The Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs state prisoners' ability to raise claims in federal habeas review, contains a one-year statute of limitations within which a state prisoner may file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1). The one-year limitation period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* Section 2244(d)(2) clarifies that the running of the one-year period is suspended for any time that a "properly filed" state post-conviction proceeding "is pending." *Id.* § 2244(d)(2). The United States Court of Appeals for the Fourth Circuit has construed a state post-conviction proceeding to include all state court proceedings "from initial filing [in the trial court] to final disposition by the highest state court." *Taylor v. Lee,* 186 F.3d 557, 561 (4th Cir. 1999). Upon final disposition of the state post-conviction proceeding, "the running of the § 2244(d) one-year period resumes." *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In other words, the one-year period begins at the conclusion of direct review but is statutorily tolled if collateral proceedings are initiated in state court. Once collateral state court proceedings conclude, the limitations period begins to run again from the point at which it was tolled by initiation of the collateral proceedings.

In Bishop's case, the applicable start date for the one-year limitations period is the date his conviction became final. Bishop was sentenced by an order entered December 4, 2018. (ECF No. 2-1 at 10). The time to file a direct appeal of his conviction and sentence expired four months later, on April 4, 2019. *See* W.Va. R. Crim. P. 37(b)(3) (providing that a direct appeal must be perfected within four months of the circuit court's order). Bishop's conviction became final, and AEDPA's limitations period began to run, the next day, on April 5, 2019. The limitations period was immediately tolled, however, by a related motion: Bishop had previously filed a Rule 35 motion for sentence reduction, and the Circuit Court had denied his motion on March 25, 2019. (ECF No. 10-7). Bishop had 120 days to appeal the court's denial of his motion for sentence reduction, W. Va. R. Crim. P. 35(b), during which the one-year limitations period was tolled. *See Kanode v. Nohe*, No. 2:21-cv-215, 2021 WL 6496559, at *4 (S.D.W. Va. Oct. 29, 2021), *report and*

*recommendation adopted*, No. 1:21-cv-215, 2022 WL 130747 (S.D.W. Va. Jan. 13, 2022) (one-year limitations period was tolled until the expiration of the time period for petitioner to appeal the denial of a Rule 35 motion); *Turner v. Ballard*, No. 5:15-cv-66, 2015 WL 4477816, at *7, n.7 (N.D.W. Va. July 22, 2015). The limitations period then ran from July 24, 2019, after the opportunity to appeal the denial of his Rule 35 motion expired, until March 2, 2020, when he filed his state habeas petition, for a total of 222 days. Bishop's state habeas proceedings tolled the limitations period until the WVSC issued its mandate affirming the denial of his habeas petition on October 28, 2021. *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002) (holding that a state post-conviction proceeding is "pending" while the petitioner appeals a lower state court's decision to a higher state court). The limitations period continued to run from October 29, 2021 until Bishop filed the instant § 2254 petition on March 16, 2023—503 days after the WVSC issued its mandate. At the time he filed his § 2254 petition, Bishop had accrued 725 days under the limitations period, meaning he missed the deadline to file his federal habeas petition by almost an entire year.

Because Bishop's petition was filed after the expiration of the one-year filing period, his petition would only be timely if it were subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). For the Court to apply equitable tolling to his petition, Bishop must prove that he has been pursuing his rights diligently and that some extraordinary circumstance prevented timely filing of his petition. *Id*. Equitable tolling is reserved for those instances where, due to circumstances outside the petitioner's control, it would be unconscionable to enforce the limitations period and gross injustice would result. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir.2003). Bishop has not alleged, let alone demonstrated, that such extraordinary circumstances apply to his case, as he has failed to

acknowledge that his petition is untimely. (*See* ECF No. 17). Therefore, equitable tolling is not warranted. Accordingly, the undersigned **FINDS** that Bishop's petition is untimely and is not subject to equitable tolling.

### B. *Voluntary Dismissal*

In light of the fact that Bishop's petition is untimely, it would be a waste of resources—for the judiciary, for Respondent, and for Bishop—to allow him to voluntarily dismiss his petition without prejudice, exhaust his unexhausted claims in state court, and return to federal court to file another untimely petition. The factors commonly used to evaluate motions for voluntary dismissal all weigh against Bishop. *See Vosburgh v. Indem. Ins. Co. of N. Am.*, 217 F.R.D. 384, 386 (S.D.W. Va. 2003). There was already a dispositive motion pending; Bishop waited four months after Respondent's motion to dismiss was filed before tendering his motion for voluntary dismissal. Bishop's explanation for seeking voluntary dismissal without prejudice is insufficient, as it fails to address the key issue—that being, the untimeliness of his petition. Moreover, Respondent expended significant resources preparing his motion to dismiss and collecting state court records. Voluntary dismissal without prejudice would not be appropriate. *See Jessup v. Daniels*, No. 1:13CV607, 2014 WL 1431728, at *5 (M.D.N.C., Apr. 14, 2014) (denying motion for voluntary dismissal where § 2254 petition was untimely); *Nesari v. Taylor*, 806 F. Supp.2d 848, 861 (E.D. Va. 2011) ("The Fourth Circuit has specifically held that a motion to voluntarily dismiss under Rule 41(a)(2) should be denied when a plaintiff seeks to circumvent an expected adverse result, and that 'denial of voluntary dismissal is appropriate where summary judgment is imminent.'") (quoting *Skinner v. First Am. Bank of Va.*, 64 F.3d 659, 1995 WL 507264, at *2 (4th Cir. Aug. 28, 1995)); *Bodney v. Shinn*, No. CV-20-00373-TUC-CKJ (LAB), 2021 WL 1904612, at *3 (D. Ariz. May 12,

2021) (holding that voluntary dismissal without prejudice of a habeas petition was not appropriate where the claims were untimely); *Threet v. Howes,* No. 1:11-cv-159, 2011 WL 5088717, at *5 (W.D. Mich. Oct. 25, 2011) (finding the voluntary dismissal of a habeas petition for purposes of exhaustion was futile, and thus inappropriate, when the claims in the petition were untimely). Accordingly, the undersigned **FINDS** that granting Bishop's motion to voluntarily withdraw his petition, as requested, would result in actual prejudice to Respondent, as it would deny Respondent well-deserved judgment in his favor and would allow Bishop the option to file another petition, although any such petition would be untimely, causing Respondent to incur duplicative and unnecessary expense in his defense.

## IV. Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the District Court accept and adopt the findings proposed herein and **RECOMMENDS** that Respondent's motion to dismiss, (ECF No. 10), be **GRANTED**; Bishop's motion to voluntarily withdraw his petition without prejudice, (ECF No. 17), be **DENIED**; and this matter be **DISMISSED**, with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such

objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED**:  December 8, 2023

Cheryl A. Eifert
United States Magistrate Judge